

**FILED**

**4:45 pm, 7/31/26**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

CARLOS IGNACIO BOJANA PINZON,

Petitioner,

vs.

RUBEN LEYVA, et al,

Respondents.

Case No. 26-CV-228-R

---

**ORDER SETTING BRIEFING SCHEDULE AND STAYING PETITIONER'S TRANSFER UNTIL HIS EMERGENCY MOTION [3] IS FULLY BRIEFED**

---

This matter comes before the Court on Petitioner's Emergency Motion to Stay Transfer During Pendency of Petition. [ECF No. 3]. Having reviewed the Petitioner's motion, the Court orders Petitioner remain at his current facility until the issue of his transfer is fully briefed. The Court further orders the government to file any response to Petitioner's motion by Monday, August 3, 2026, no later than 5 p.m. Any reply shall be filed by Tuesday, August 4, 2026, no later than 5 p.m.

**BACKGROUND**

"Carlos Bojana is a Venezuelan national seeking asylum in the United States." [ECF No. 1, at 1]. He was born in Venezuela and lawfully entered the United States on a tourist visa in 2018. *Id*. at 3. "Fearing for his life, he remained in the United States even after that visa expired to seek asylum." *Id*. Mr. Bojana timely filed an application for asylum, was

given permission to work, and as required, he appeared at the U.S. Citizenship and Immigration Services for biometrics. *Id*. Mr. Bojana has been employed at Audio Enhancement for four years and routinely travels for work. Mr. Bojana has no criminal history, in Venezuela or the United States, and has only received one speeding ticket while in the United States. *Id*. He and his partner, Maria, are expecting their first child.

While returning home from a work trip on July 24, 2026, ICE officers arrested Mr. Bojana at the Salt Lake International Airport claiming his Temporary Protected Status ("TPS") had expired. *Id*. at 1–2, 4. Mr. Bojana is now being held in the District of Wyoming. *Id*. at 7. Mr. Bojana is set for an August 4, 2026 bond hearing in West Valley City, Utah. [ECF No. 3, at 1–2]. He has filed a Petition for Writ of Habeas Corpus in this Court. [ECF No. 1]. Along with the writ, Mr. Bojana filed an emergency motion requesting he not be removed or transferred from his current facility while his petition is pending. [ECF No. 3].

Within his emergency motion, "Petitioner Carlos Bojana moves this court to order Respondents not to transfer him out of this jurisdiction while the petition is pending '[b]ecause transfer of Petitioner to another district could interfere with his access to counsel and ability to participate in the proceedings.'" *Id*. at 1 (quoting *Tran v. Bondi, et al.*, No. CV25-1897-JLR-BAT, Dkt. 6, at 3 (W.D. Wash. Oct. 7, 2025)). He asserts, "If ICE moves him out of state, his ability to confer with counsel will be curtailed, thus prolonging his unlawful detention." *Id*. at 2.

## RULING OF THE COURT

A federal court has "inherent power to preserve its ability to hear [a] case." *Alves v. U.S. Dep't of Just.*, No. EP-25-CV-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025) (alteration added) (citation omitted). Nationwide—including throughout the Tenth Circuit—courts have entered orders allowing ICE detainees to remain at their facility without transfer or removal, while their § 2241 petition is pending. *Villalobos Perez v. Sweetwater County Dtn. Ctr.*, 2:26-cv-121-ABJ, ECF No. 11 (D. Wyo. Apr. 1, 2026); *Velasquez Montillo v. Brooksby*, 4:26-cv-18, ECF No. 7 (D. Utah Feb. 17, 2026); *Hom v. Ceja*, 800 F. Supp. 3d 1147, 1148 (D. Colo. 2025). Recognizing this power, the Court orders that Mr. Bonjana remain at his current facility until this issue of his transfer is fully briefed. The Court further orders the government to respond as to Mr. Bojana's transfer by no later than Monday, August 3, 2026, at 5 p.m. Any reply shall be filed no later than Tuesday, August 4, 2026, at 5 p.m.

## CONCLUSION

**IT IS HEREBY ORDERED** Mr. Bojana must remain at his facility until the Court has the opportunity to review the issue on a complete record.

**IT IS FURTHER ORDERED** the government must respond on the issue of Mr. Bojana's transfer by no later than Monday, August 3, 2026, at 5 p.m. Any reply shall be filed no later than Tuesday, August 4, 2026, at 5 p.m.

Dated this 31st day of July, 2026.

Kelly H. Rankin
United States District Judge